**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 25-4109**

—————————

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

DORIAN SCOTT BURKS, a/k/a Cash,

            Defendant - Appellant.

—————————

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge.  (3:24-cr-00040-GMG-RWT-1)

—————————

Submitted:  December 18, 2025                    Decided:  December 22, 2025

—————————

Before NIEMEYER and BERNER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

—————————

Dismissed in part and affirmed in part by unpublished per curiam opinion.

—————————

**ON BRIEF:**  Diana Stavroulakis, Weirton, West Virginia, for Appellant.  Lara Kay Omps-Botteicher, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dorian Scott Burks pled guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute and to distribute five grams or more of methamphetamine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. The district court sentenced him to 262 months' imprisonment and five years of supervised release. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether: (1) the appellate waiver provision in Burks's plea agreement is enforceable, (2) the district court imposed an unreasonable sentence, and (3) Burks's guilty plea was valid. Burks filed a pro se supplemental brief, alleging that counsel was ineffective for failing to request a suppression hearing regarding geofence technology, his plea was not knowing and voluntary, there was an insufficient factual basis for his plea, and the sentence imposed was unreasonable. The Government has moved to dismiss Burks's appeal as barred by the appellate waiver in his plea agreement. We dismiss in part and affirm in part.

"We review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue[s] being appealed fall[ ] within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (citation modified). An appellate waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id.* "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the

2

record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (citation modified). In addition, when a defendant contests the validity of a guilty plea for the first time on appeal, we review the challenge only for plain error. *United States v. King*, 91 F.4th 756, 760 (4th Cir. 2024).

Our review of the record, including the plea agreement and the transcript of the Rule 11 hearing, confirms that Burks's guilty plea is valid and supported by a sufficient factual basis. *See McCoy*, 895 F.3d at 364 (holding we may review challenge to factual basis despite appellate waiver). Moreover, Burks knowingly and intelligently waived his right to appeal his conviction and sentence, excepting claims of ineffective assistance of counsel and prosecutorial misconduct. We therefore conclude that the appellate waiver is valid and enforceable. Burks's challenges to his sentence fall squarely within the scope of the waiver. However, in his pro se brief, Burks asserts ineffective assistance of counsel, which falls outside the scope of his appeal waiver. We conclude that no ineffective assistance appears conclusively on the record, and decline to consider the issue on direct appeal. *See United States v. Freeman*, 24 F.4th 320, 331 (4th Cir. 2022) (en banc). Rather, this is an issue better raised on collateral review so that Burks can "further develop the record" with respect to this claim. *Id.*

In accordance with *Anders*, we have reviewed the entire record, including the issues raised in Burks's pro se supplemental brief, in this case and have found no potentially meritorious grounds for appeal outside the scope of Burks's valid appellate waiver. Accordingly, we grant the Government's motion to dismiss the appeal in part and dismiss

3

the appeal as to all issues covered by the waiver.  We affirm the district court's judgment as to any issue not encompassed by the waiver.

This court requires that counsel inform Burks, in writing, of the right to petition the Supreme Court of the United States for further review.  If Burks requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Burks.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*